UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP ORTIZ )<br>    Plaintiff )<br> )<br>v. )<br> )<br>ELLINGTON AUTO SALES & )<br>FINANCING, LLC and )<br>AUTOFLOW FINANCING, LLC )<br>    Defendants )<br>_____ ) | CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br>MAY 2, 2012 |

## COMPLAINT

1.  This is a suit brought by a consumer residing in Connecticut regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract ("the Contract").  Plaintiff brings this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from Defendant Ellington Auto Sales & Financing, LLC ("Ellington"), and Autoflow Financing, LLC ("Autoflow").  The Plaintiff claims that Ellington violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Connecticut Retail Installment Sales Finance Act, C.G.S. § 36a-771(b) ("RISFA"), in the sale of the Vehicle to Plaintiff.  Ellington also violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), and it committed breach of implied warranty of merchantability by selling Plaintiff a vehicle that was not in merchantable condition and is consequently also liable under the Magnuson-Moss Federal Warranty Act (15 U.S.C. §§ 2301-2312).  Plaintiff also asserts claims against defendant Autoflow for its independent violations of the Connecticut

Creditors' Collection Practices Act, ("CCPA") Conn. Gen. Stat § 36a-645 *et seq,* and CUTPA, and for its liability as holder of the contract.

2. Plaintiff is a natural person residing in Hartford, Connecticut

3. Defendant Ellington is a Domestic Limited Liability Company that operates an automobile dealership in Vernon, Connecticut.

4. Defendant Autoflow is a Domestic Limited Liability Company that accepts assignment of motor vehicle sales contracts.

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 2310(d)(1)(B) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over Ellington because it is incorporated in this state and regularly conducts business in this state.

7. This court has jurisdiction over Autoflow because it is incorporated in this state and regularly conducts business in this state.

8. Venue in this court is proper, because Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

9. On or around July 28, 2011, Plaintiff purchased a 2000 Toyota Camry Solara ("the Vehicle") from Ellington.

10. When inspecting the vehicle prior to his purchase, Plaintiff observed that the vehicle had serious mechanical defects.

11. Plaintiff agreed to purchase the vehicle based upon Ellington's agreement to make appropriate repairs prior to delivering the vehicle.

12. During the initial negotiations, Ellington told Plaintiff that the purchase price of the Vehicle was $4,995.

13. When presented with the purchase paper work, the sale price of the vehicle was increased to $6,995.

14. Plaintiff inquired as to the reason for the $2,000 price increase, to which Ellington responded that the $4,995 price was the cash price for the vehicle and that the price had increased because Plaintiff was financing the vehicle.

15. The additional cost of the Vehicle was an incident of financing.

16. Although the purchase order for the Vehicle purported to include a waiver of the implied warranty of merchantability and to sell the Vehicle on an "As Is" basis, Ellington entered into a service contract with Plaintiff at a cost of $1,800, thereby voiding any waiver of warranties under MMWA.

17. The total price of the vehicle, including the additional finance charge that was added to the purchase price, conveyance fees, the service contract, and a product labeled as "GAP Insurance", registration, and sales tax, was $10,169.47.

18. Plaintiff made a downpayment of $700 and financed the balance pursuant to a retail installment sales contract that was subsequently assigned to Autoflow Financing, LLC for valuable consideration.

19. Despite the fact that Plaintiff had not yet received possession of the vehicle, Autoflow began withdrawing weekly payments from Plaintiff's bank account on or around August 5, 2011.

20. As of early October 2011, Ellington still had not delivered the Vehicle to Plaintiff.

21.     At that time, Ellington contacted Plaintiff and suggested that he come in and pick out a new car, for which he would be required to make an additional down payment.

22.     At this time, Plaintiff inquired as to whether he could receive his money back for the purchase of the Vehicle, to which Ellington responded that the money he had paid had been applied to register the Vehicle he had contracted to purchase in late July.

23.     Subsequently, Plaintiff contacted the Department of Motor Vehicles and he learned that the Vehicle had never been registered to him.

24.     On or around October 12, 2011, Plaintiff, through counsel, sent written notice to Ellington and Autoflow via facsimile and regular mail, notifying each that he was rejecting the Vehicle or, alternatively, that he was rescinding the contract due to violations of RISFA.

25.     In that notice, Plaintiff also notified Autoflow that it was no longer authorized to withdraw weekly payments from his account.

26.     Ellington and Autoflow are in the same position that they were in prior to the making of the Contract in that Ellington still possesses the Vehicle, and Plaintiff is entitled to a rescission of the contract.

27.     Autoflow received Plaintiff's direction not to withdraw further payments from his account by facsimile on October 12, 2011.

28.     Notwithstanding this direction, Autoflow withdrew $78.54 from Plaintiff's bank account on October 14, 2011.

29. Despite its knowledge that Plaintiff had retained attorney in connection with the Vehicle and the underlying debt, Autoflow contacted Plaintiff by telephone on or around October 19, 2011 in an attempt to solicit further payments from Plaintiff.

30. The defendants have wrongfully retained Plaintiff's money despite the fact that the Vehicle was never delivered to him.

31. Ellington has violated TILA by failing to extend the credit to Plaintiff at the commencement of the contract and by inaccurately disclosing the annual percentage rate and the finance charge due to its improper inclusion of the $2,000 additional cost of purchase, which was an incident of credit, as part of the amount financed.

32. Ellington's violations of TILA also constitute violations of RISFA, entitling him to cancel the contract.

33. Ellington has also violated the MMWA by selling the Vehicle on an as-is basis and by breaching the implied warranty of merchantability.

34. Ellington's actions, as aforedescribed, constitute violations of CUTPA for which Plaintiff has suffered an ascertainable loss.

35. Autoflow, as the assignee of the contract, is subject to Plaintiff's rescission, breach of warranty, MMWA, and CUTPA claims.

36. Additionally, Autoflow has violated the CCPA by its improper collection of payment following notice of rejection and rescission.

37. Autoflow's actions, as aforedescribed, constitute violations of CUTPA for which Plaintiff has suffered an ascertainable loss.

**Wherefore, Plaintiff claims**, actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $5,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); damages pursuant to C.G.S. § 42a-2-714; damages, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 2310(d); statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); actual damages, statutory damages of $1,000, and reasonable attorney's fees and costs pursuant to the CCPA; an order from the Court that the Contract is rescinded; a return of all funds paid pursuant to the contract; an order from the Court ordering Ellington to cease and desist from engaging in unfair and deceptive trade practices; an order from the Court ordering Autoflow to cease and desist from engaging in unfair and deceptive trade practices; and such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Ellington and/or Autoflow.

**PLAINTIFF PHILIP ORTIZ,**

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com